**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 3**

Docket No. SF-0752-15-0702-I-6

**Chong U. McClenning,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

March 31, 2022

David Weiser, Esquire, Austin, Texas, for the appellant.

Ryan K. Bautz, Fort Shafter, Hawaii, for the agency.

Brandon Iriye, USAG Daegu, South Korea, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan A. Leavitt, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed her removal. For the following reasons, we DENY the petition for review and AFFIRM the initial decision. We find that the appellant's argument regarding the appointment of the administrative judge, which she raised for the first time on petition for review, is not timely raised.

## BACKGROUND

¶2 The appellant was employed by the agency as an Information Assurance Manager, GS-0301-12, in Daegu, South Korea. *McClenning v. Department of the*

*Army*, MSPB Docket No. SF-0752-15-0702-I-1, Initial Appeal File (IAF), Tab 6 at 76.  In April 2015, the agency proposed the appellant's removal for conduct unbecoming a Federal employee (six specifications), unauthorized possession of Government property (one specification), and lack of candor (six specifications). *Id.* at 76-87.  The appellant responded to the proposed removal both orally and in writing.  *Id.* at 21, 34-75.  On May 19, 2015, the agency issued a decision sustaining all of the charges and specifications against her and removing her effective June 18, 2015.  *Id.* at 21-32.

¶3      The appellant timely filed this appeal challenging her removal.  IAF, Tab 1. She requested a hearing.  *Id.* at 2.  The administrative judge dismissed the appeal without prejudice five times between August 2015, and May 2017, pending the resolution of criminal proceedings in South Korea.  *McClenning v. Department of the Army*, MSPB Docket No. SF-0752-15-0702-I-5, Appeal File, Tab 4, Initial Decision (May 25, 2017).  On June 13, 2018, after holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the appellant's removal.  *McClenning v. Department of the Army*, MSPB Docket No. SF-0752-15-0702-I-6, Appeal File (I-6 AF), Tab 52, Initial Decision (I-6 ID). The administrative judge found that the agency proved four of the six specifications of conduct unbecoming a Federal employee and all six specifications of lack of candor, but that it failed to prove either the remaining two specifications of conduct unbecoming a Federal employee or the charge of unauthorized possession of Government property.  I-6 ID at 3-32.  He further found that the agency established a nexus between the sustained charges and the efficiency of the service, *id.* at 32, and that the appellant failed to prove her affirmative defenses of a due process violation, harmful procedural error, whistleblower reprisal, or discrimination based on race, national origin, or sex, *id.* at 33-42.  Finally, the administrative judge found that the penalty of removal was within the tolerable limits of reasonableness for the sustained misconduct. *Id.* at 42-46.

¶4      The appellant has filed a timely petition for review of the initial decision on July 15, 2018. Petition for Review (PFR) File, Tab 1. On petition for review, she argues for the first time that the initial decision should be reversed because the administrative judge was not properly appointed under the Appointments Clause of the U.S. Constitution.[1] *Id.* at 3. In support of that argument, she cites the decision of the U.S. Supreme Court in *Lucia v. Securities & Exchange Commission*, [138 S. Ct. 2044](#) (2018), which was issued a few days after the initial decision in this case. PFR File, Tab 1 at 3. As to the merits of the initial decision, the appellant resubmits the closing brief she filed before the administrative judge. *Id.* The agency has responded in opposition to the petition for review. PFR File, Tab 3.

## ANALYSIS

The appellant did not timely raise her argument regarding the appointment of the administrative judge.

> *Recent Supreme Court precedent does not preclude the Board from applying timeliness and issue exhaustion requirements to Appointments Clause claims.*

¶5      In *Lucia*, the Supreme Court held that administrative law judges (ALJs) of the Securities & Exchange Commission (SEC) qualify as Officers of the United States subject to the Appointments Clause, rather than as mere employees. 138 S. Ct. at 2049, 2052-55. Because SEC ALJs were appointed by SEC staff members, rather than the Commission itself, the Court held that the appointment of those ALJs violated the Appointments Clause. *Id.* at 2050-51. The Court further held that because Lucia had made a timely challenge to the constitutional

---

[1] Under the Appointments Clause, the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . Officers of the United States . . . but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2.

validity of the appointment of the ALJ who adjudicated his case, he was entitled to relief in the form of a new hearing before a different, properly appointed official. *Id.* at 2055.[2]

¶6        The Court in *Lucia* did not specifically define what constitutes a timely challenge to an appointment, but it cited *Ryder v. United States*, 515 U.S. 177, 182-83 (1995), in this regard. *Lucia*, 138 S. Ct. at 2055. In *Ryder*, the Court held that a challenge concerning the appointment of judges was timely because the challenging party raised it "before those very judges and prior to their action on his case." *Ryder*, 515 U.S. at 182. In so finding, the Court distinguished the facts of *Ryder* from those of three other cases in which the challenges to the judges' authority were untimely because they were raised after the judges had decided those cases and the complaining parties had not objected to the judges' authority during the proceedings before them. *Id.* at 180-82.

¶7        Since the Supreme Court issued its *Lucia* decision, a number of Federal courts have considered what constitutes a timely Appointments Clause challenge regarding an administrative adjudication. Several courts have held that parties forfeit Appointments Clause claims that are not timely and properly raised before the adjudicating administrative agency. For example, courts have rejected as untimely claims that were not raised before the Department of Labor's Benefits Review Board, as well as claims that were raised before the Benefits Review Board but that had not been raised in accordance with that entity's regulations. *Joseph Forrester Trucking v. Director, Office of Workers' Compensation Programs*, 987 F.3d 581, 587-93 (6th Cir. 2021) (rejecting as untimely an Appointments Clause claim that was raised before the Benefits Review Board, but not in earlier proceedings before a Department of Labor ALJ, contrary to Benefits

_____

[2] The holding in *Lucia* applied only to SEC ALJs and therefore did not address whether the Board's method of appointing administrative judges violated the Appointments Clause, and we do not reach that question here.

Review Board regulations); *David Stanley Consultants v. Director, Office of Workers' Compensation Programs*, 800 F. App'x 123, 127-28 (3d Cir. 2020) (nonprecedential) (holding that the employer forfeited its Appointments Clause claim when it failed to raise the claim in its opening brief to the Benefits Review Board, which is required by that entity's regulations); *Zumwalt v. National Steel & Shipbuilding Company*, 796 F. App'x 930, 931-32 (9th Cir. 2019) (nonprecedential) (holding that the claimant forfeited his Appointments Clause claim when he raised it for the first time in a second reconsideration motion to the Benefits Review Board, contrary to the relevant regulations); *Energy West Mining Company v. Lyle*, 929 F.3d 1202, 1206 (10th Cir. 2019) (rejecting as untimely an Appointments Clause claim that was not raised before the Benefits Review Board); *Island Creek Coal Company v. Bryan*, 937 F.3d 738, 750-54 (6th Cir. 2019) (rejecting for failure to exhaust Appointments Clause claims that were raised for the first time in motions for reconsideration of decisions of the Benefits Review Board, contrary to its regulations and interpretation thereof). Multiple courts also have rejected Appointments Clause claims that were not first raised before the SEC. *Gonnella v. Securities & Exchange Commission*, 954 F.3d 536, 544-46 (2d Cir. 2020); *Malouf v. Securities & Exchange Commission*, 933 F.3d 1248, 1255-58 (10th Cir. 2019); *Cooper v. Securities & Exchange Commission*, 788 F. App'x 474, 474-75 (9th Cir. 2019) (nonprecedential).

¶8      Many of the post-*Lucia* Appointments Clause cases have involved claims before the Social Security Administration (SSA). In *Carr v. Saul*, 141 S. Ct. 1352 (2021), the Supreme Court resolved a split among the circuits and held that claimants are not required to exhaust Appointments Clause claims before SSA to preserve them for judicial review. *Id.* at 1362. Although *Carr* is controlling precedent for claims arising out of Social Security disability adjudications, we find for the reasons set forth below that it does not control in the context of Board appeals.

¶9　　The Court has recognized that the doctrine of administrative remedy exhaustion requires parties to first raise an issue before the appropriate administrative agency prior to seeking judicial review on that topic. *Id.* at 1358. It noted that, usually, rules of issue exhaustion are governed by statute or regulation. *Id.* (citing *Sims v. Apfel*, 530 U.S. 103, 107-08 (2000)). Further, proper exhaustion of claims before an administrative agency "demands compliance with [that] agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

> *The Board's regulations require that issues first be raised before the administrative judge before they may be raised with the full Board on petition for review.*

¶10　　The issue in *Carr* was whether the Federal courts should recognize an issue exhaustion requirement in Social Security disability proceedings when none is specifically imposed by statute or regulation. *Id.* at 1358. In the instant matter, by contrast, the issue is whether an Appointments Clause claim should be subject to the Board's existing regulations and precedent requiring parties to timely raise issues during Board adjudications. Proceedings before the Board are a key element in the "comprehensive system" established by the Civil Service Reform Act of 1978 (CSRA) "for reviewing personnel action[s] taken against [F]ederal employees." *Elgin v. Department of the Treasury*, 567 U.S. 1, 5 (2012) (quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)). "The statutory provisions [in the CSRA] for appeals to the [B]oard give the [B]oard broad discretion in handling appeals and controlling its own docket by requiring that appeals be processed in accordance with" its regulations. *Phillips v. U.S. Postal Service*, 695 F.2d 1389, 1390-91 (Fed. Cir. 1982).

¶11　　Under the authority granted to it by Congress in the CSRA, *see* 5 U.S.C. § 1204(h), the Board has prescribed regulations governing the proceedings before

it. Pursuant to those regulations, the Board generally does not accept arguments raised after the close of the record before the administrative judge. 5 C.F.R. § 1201.59(c). In addition, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); 5 C.F.R. § 1201.115(d). Our reviewing court, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), has consistently upheld the Board's regulatory requirement that parties must raise arguments before the assigned administrative judge, or the full Board may properly decline to review those arguments. *E.g.*, *Carson v. Department of Energy*, 398 F.3d 1369, 1376 (Fed. Cir. 2005) (finding that the Board properly declined to review a claim that was not adjudicated by the administrative judge); *Bosley v. Merit Systems Protection Board*, 162 F.3d 665, 668 (Fed. Cir. 1998) (concluding that a party in a Board proceeding was required to raise an issue before the administrative judge to preserve it for court review and that the court would not consider an issue raised for the first time in a petition for review to the full Board); *Meglio v. Merit Systems Protection Board*, 758 F.2d 1576, 1577-78 (Fed. Cir. 1984) (affirming the Board's decision to deny a petition for review when the appellant failed to raise the salient issue before the administrative judge). As the Federal Circuit determined:

> the [B]oard has promulgated its regulations in accordance with the law and Congress' desire to streamline and prevent duplicative efforts in processing employee complaints. Where petitioner fails to frame an issue before the presiding official and belatedly attempts to raise that same issue before the full [B]oard, and the [B]oard properly denies review of the initial decision, petitioner will not be heard for the first time on that issue in the Federal Circuit.[3]

---

[3] Even when the Federal Circuit has exercised its discretion to allow a claim to be raised for the first time on judicial review after the completion of an administrative

*Meglio*, 758 F.2d at 1577.

¶12　　　　Here, the appellant does not allege that she discovered new and material evidence that was previously unavailable.  Rather, her argument appears to be that she discovered a new legal argument when the Supreme Court decided *Lucia*.  In a few cases, the Board has cited intervening legal precedent as good cause for an untimely filed petition for review.[4]  For example, in *Duft v. Office of Personnel Management*, 33 M.S.P.R. 533 (1987), the Board found good cause for an untimely petition for review in light of new decisions from the Supreme Court and the Federal Circuit holding that successful appellants in retirement appeals could obtain attorney fees.  In denying the appellant's request for fees, the administrative judge had relied upon the prior binding Federal Circuit precedent holding that fees were not available in retirement cases.  The Board determined that the appellant reasonably understood that it would be fruitless and costly for him to appeal that ruling at that time.  *Id.* at 535.  Thus, because the appellant had filed his petition for review shortly after learning of the change in the controlling precedent, the Board found good cause for the filing delay.  *Id.*

¶13　　　　In this matter, by contrast, there was no binding precedent regarding the appointment of Board administrative judges at the time the record before the

---

adjudication, it has nevertheless required that those claims be timely raised in accordance with its procedural rules.  *Compare Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320, 1326-27 (Fed. Cir. 2019) (considering an Appointments Clause claim regarding Administrative Patent Judges of the Patent and Trademark Appeals Board (PTAB) even though that claim was not raised before PTAB itself because PTAB had not and could not correct the problematic appointments itself), *vacated and remanded on other grounds sub nom. United States v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021), *with Immunex Corporation v. Sanofi-Aventis U.S. LLC*, 977 F.3d 1212, 1223 n.10 (Fed. Cir. 2020) (rejecting as untimely an Appointments Clause claim regarding PTAB that was raised for the first time in a reply brief filed with the Federal Circuit, rather than in the opening brief), *cert denied*, 141 S. Ct. 2799 (2021).

[4] Although the good cause standard itself does not apply to arguments presented for the first time on petition for review, we find that the relevant standards are sufficiently similar that the Board's precedent regarding good cause is useful to our analysis here.

administrative judge closed in April 2018. I-6 AF, Tab 34 at 12. Therefore, the appellant did not have grounds to believe that raising an Appointments Clause claim would have been fruitless. *See Island Creek Coal Company v. Wilkerson*, 910 F.3d 254, 257 (6th Cir. 2018) (rejecting the argument that Appointments Clause challenges lacked merit until the Supreme Court decided *Lucia*). By the time the record closed before the administrative judge in this appeal, one court of appeals had already held that SEC ALJs are inferior officers subject to the Appointments Clause, *Bandimere v. Securities & Exchange Commission*, 844 F.3d 1168 (10th Cir. 2016), *reh'g and reh'g en banc denied*, 855 F.3d 1128 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 2706 (2018), and the Supreme Court had granted certiorari to address that issue in *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 736 (U.S. Jan. 12, 2018) (No. 17-130). Thus, we hold that the appellant's purported discovery of a new legal theory is insufficient to justify her failure to raise the Appointments Clause argument before the administrative judge. *See In re DBC*, 545 F. 3d 1373, 1377-79 (Fed. Cir. 2008) (rejecting a newly discovered Appointments Clause argument raised for the first time on judicial review because the party failed to raise it first before the administrative board).

¶14        In addition to the general standards for raising new arguments after the close of the record, the Board's regulations impose particular requirements on litigants who wish to challenge the qualifications of the individual assigned to hear their cases. Specifically, a party seeking to disqualify a judge must file a motion to disqualify as soon as the party has reason to believe there is a basis for disqualification and, if the administrative judge denies that motion, the party must request certification of an interlocutory appeal or the disqualification issue is considered waived. 5 C.F.R. § 1201.42(b)-(c); *see Thomas v. Office of Personnel Management*, 350 F. App'x 448, 451 (Fed. Cir. 2009) (finding that the appellant

had waived her request for recusal of the administrative judge by failing to comply with the provisions of 5 C.F.R. § 1201.42).[5]  In the absence of this requirement, a party before a Board administrative judge who believed there was a basis for disqualification could wait until after the initial decision was issued and then seek disqualification on petition for review if the initial decision was unfavorable.  Allowing such gamesmanship by parties would waste the Board's resources to the extent that disqualification of an administrative judge after the initial decision would result in relitigation of the appeal.  The same policy considerations that support the Board's regulation regarding the procedures for raising disqualification claims also support our decision here regarding the appellant's Appointments Clause claim.  As recognized in *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868, 895 (1991) (Scalia, J., concurring in part and concurring in the judgment), the trial phase of a case is when the litigants' arguments first must be raised and considered; permitting an Appointments Clause claim to be raised for the first time on appeal would encourage "sandbagging," i.e., for strategic reasons, allowing the trial court to pursue a certain course only to argue on appeal that it constituted reversible error if the outcome of the case was unfavorable.

¶15      We acknowledge that courts have on occasion considered Appointments Clause claims even if those claims were not timely raised under normal standards. *See, e.g.*, *Freytag*, 501 U.S. at 878-89 (considering an Appointments Clause challenge regarding Special Trial Judges of the Tax Court even though the litigant failed to raise that challenge before the Tax Court itself).  However, the courts have never held that an Appointments Clause challenge must be heard in any case regardless of when it is raised; to the contrary, the courts have used language

---

[5] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

suggesting that consideration of an untimely Appointments Clause claim should be done only in "rare cases." *See id.* at 879; *In re DBC*, 545 F.3d at 1380 (concluding that the Supreme Court never stated that Appointments Clause challenges must be heard regardless of waiver). Under the circumstances presented in this matter, we are not convinced that this qualifies as one of those "rare cases."

¶16 The Board's regulations reserve to it the authority to consider any issue in an appeal before it. 5 C.F.R. § 1201.115(e). Pursuant to that authority, we may exercise our discretion to consider an untimely Appointments Clause claim in an appropriate case. However, we find no basis to exercise that discretion on the facts of this case.

> *The issue exhaustion requirements set forth in the Board's regulations are justified based on the adversarial nature of its proceedings.*

¶17 In declining to require Social Security claimants to exhaust Appointments Clause claims before the agency, the Court in *Carr* noted several characteristics about Social Security disability adjudications that make an issue-exhaustion rule inappropriate in that context. First, the Court noted that whereas typical administrative review schemes have issue-exhaustion requirements imposed by statute or regulation, SSA was asking the Court to impose a judicially-created requirement. *Carr*, 141 S. Ct. at 1358. The Court held that whether a court should impose a requirement of issue exhaustion "depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding." *Id.* (quoting *Sims*, 530 U.S. at 109).

¶18 The Court in *Carr* relied on the nonadversarial nature of Social Security disability adjudications in determining that an issue exhaustion requirement was inappropriate in that context. It explained that the justification for requiring issue exhaustion is greatest when it is expected that the parties will develop the issues in an adversarial administrative proceeding, but that the rationale for requiring issue exhaustion is much weaker when the administrative proceeding is not

adversarial in nature. *Carr*, 141 S. Ct. at 1359 (citing *Sims*, 530 U.S. at 110). The Court noted that in proceedings before SSA, the ALJ is responsible for developing the factual record and arguments both for and against granting benefits, and the Commissioner has no representative before the ALJ opposing the benefits claim. *Carr*, 141 S. Ct. at 1359 (citing *Sims*, 530 U.S. at 111).

¶19　　　　The Board's regulations establish a procedure that is much more adversarial. The parties are responsible for developing the factual record and presenting their evidence and arguments to the administrative judge. Unlike SSA disability proceedings, both parties may be represented before the Board. 5 C.F.R. § 1201.31. Further, the parties each must meet their respective burdens of proof in establishing their claims and defenses. 5 C.F.R. §§ 1201.56-.57. An appellant initiates a Board proceeding by filing an initial appeal that must include a statement of the reasons why the appellant believes the agency action at issue is wrong. 5 C.F.R. § 1201.24(a)(4). The agency's response to the appeal must include a statement of the reasons for the action and all documents contained in the agency's record of the action. 5 C.F.R. § 1201.25(b). The parties are expected to start and complete discovery with minimal intervention from the Board. 5 C.F.R. §§ 1201.71-.75. The appellant may generally raise additional claims or defenses before the end of the conference(s) held to define the issues in the case; after that point, the appellant may raise additional claims or defenses only upon a showing of good cause. 5 C.F.R. § 1201.24(b). The appellant generally has a right to a hearing at which both parties present their cases. 5 C.F.R. §§ 1201.24(d), 1201.51, 1201.58. Once the record in an appeal closes, either after the hearing or, if the appellant waived the hearing, on the deadline set by the administrative judge for written submissions, the Board will not accept additional evidence or argument unless there is a showing that it was not readily available before the record closed or that it is in rebuttal to new evidence or argument submitted by the other party just before the close of the record. 5 C.F.R. § 1201.59(a)-(c). A petition for review of an initial

decision must state the party's objections to the initial decision supported by references to applicable laws and regulations and specific references to the factual record. A party submitting new evidence or argument on petition for review must explain why such evidence or argument was not presented before the close of the record below. 5 C.F.R. § 1201.114(b).

¶20 The Board's regulations make clear that, unlike Social Security disability proceedings, Board appeals are adversarial in nature. In such circumstances, "the rationale for requiring issue exhaustion is at its greatest." *Carr*, 141 S. Ct. at 1359 (quoting *Sims*, 530 U.S. at 110).

> *The circumstances of the instant case are otherwise distinguishable from those set forth in Carr.*

¶21 The Court in *Carr* noted two additional factors in support of allowing Social Security claimants to raise Appointments Clause claims for the first time in Federal court. First, the Court noted that "agency adjudications are generally ill suited to address structural constitutional challenges, which usually fall outside the adjudicators' area of technical expertise." *Carr*, 141 S. Ct. at 1360. Second, the Court recognized a futility exception to exhaustion requirements when agency adjudicators would be powerless to grant the relief requested. *Id.* at 1361. The Court specifically highlighted the fact that SSA's administrative review scheme did not afford claimants access to the Commissioner, "the one person who could remedy their Appointments Clause challenges." *Id.* We find that neither of these factors apply to Board proceedings.

¶22 First, consideration of constitutional claims, such as the Appointments Clause claim at issue here, is consistent with the Board's role in adjudicating appeals. The comprehensive system under the CSRA applies to constitutional claims, whether facial or as-applied. *Elgin*, 567 U.S. at 12-23. Thus, parties are required to bring even their facial constitutional challenges to the Board, despite the fact that the Board "has repeatedly refused to pass upon the constitutionality of legislation." *See id.* at 16 (citing *Malone v. Department of Justice*,

14 M.S.P.R. 403 (1983)). A party's failure to raise a constitutional claim before the Board generally precludes the party from raising that claim for the first time when seeking judicial review of the Board's decision. *See Hansen v. Department of Homeland Security*, 911 F.3d 1362, 1369 (Fed. Cir. 2018) (declining to address a Fourth Amendment claim not raised before the Board). The requirement that a party exhaust his administrative remedies by first raising a constitutional claim during an administrative agency's proceeding before raising it in court has two main purposes: (1) to provide the administrative agency with the opportunity to correct its own errors regarding the programs it administers before being brought into Federal court, and thereby "discourage[] disregard of the agency's procedures"; and (2) to promote judicial efficiency because claims typically are resolved faster and more economically during administrative agency proceedings than they are in Federal court litigation. *Woodford*, 548 U.S. at 89-90. Thus, the "unnecessary expenditure of the administrative resources of the original Board panel, the judicial resources of th[e] court, and the substantial delay and costs incurred" in the litigation may be avoided. *In re DBC*, 545 F. 3d at 1378-79.[6] As explained previously, for similar reasons, the Board's regulations provide that all issues must first be raised before the administrative judge before the full Board will consider them. 5 C.F.R. §§ 1201.59(c), 1201.115(d); *see Freytag*, 501 U.S. at 895 (Scalia, J., concurring in part and concurring in the judgement).

¶23　　　Additionally, it would not have been futile for the appellant to timely raise an Appointments Clause claim before the administrative judge. Had the appellant raised the Appointments Clause issue to the administrative judge before the close of the record, the administrative judge could have certified the question for

---

[6] Our reviewing court has recognized the value in having the Board address a constitutional claim before the court considers it. *See, e.g.*, *Helman v. Department of Veterans Affairs*, 856 F.3d 920, 936 n.8 (Fed. Cir. 2017) (finding that whether the Board's administrative judges are inferior officers for purposes of the Appointments Clause is "more appropriately dealt with by the [Board] in the first instance").

interlocutory appeal to the Board. *See* 5 C.F.R. §§ 1201.42(b)-(c), 1201.91. The interlocutory appeal process permits the Board members, who are appointed by the President and confirmed by the Senate, 5 U.S.C. § 1201, to address an issue while an appeal is still pending before an administrative judge. 5 C.F.R. § 1201.91. Thus, the interlocutory appeal process permits a party raising an Appointments Clause claim to present that claim to the Board's principal officers.

¶24    Indeed, by the time the record closed before the administrative judge in this appeal, another litigant before the Board had raised an Appointments Clause claim before the administrative judge in his appeal. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-M-1, Motion to Vacate (Feb. 14, 2018). After initially dismissing the appeal without prejudice, the administrative judge issued an order in April 2019, certifying the Appointments Clause issue for interlocutory appeal. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-M-4, Order and Certification for Interlocutory Appeal (Apr. 23, 2019).[7] Thus, there is reason to believe that, if the appellant here had timely raised her Appointments Clause claim before the close of the record before the administrative judge, the administrative judge issue would have certified the issue for interlocutory appeal

---

[7] Another appellant before the Board raised an Appointments Clause claim in two separate initial appeals filed shortly after the initial decision was issued in this appeal. *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-4324-18-0576-I-1, Initial Appeal (June 25, 2018), MSPB Docket No. AT-4324-19-0041-I-1, Initial Appeal (Oct. 15, 2018). The administrative judge also certified the Appointments Clause issue for interlocutory appeal in both of those matters. *Jolley v. Department of Housing & Urban Development*, MSPB Docket Nos. AT-4324-18-0576-I-2 & AT-4324-19-0041-I-1, Order and Certification for Interlocutory Appeal (Apr. 23, 2019). Parties that have timely raised the Appointments Clause issue in other appeals have generally had their appeals dismissed without prejudice to refiling once the Board decides the interlocutory appeals or otherwise addresses the Appointments Clause issue. *See, e.g.*, *Alvarez v. Department of Health & Human Services*, MSPB Docket No. DC-0432-19-0122-I-4, Initial Decision (June 23, 2021).

and the Board would have had an opportunity to address the administrative judge's appointment before he issued an initial decision on the merits of the appeal.

¶25 For the foregoing reasons, the instant appeal is dissimilar to *Carr.* Because the appellant failed to comply with the Board's regulations by first raising the Appointments Clause issue before the administrative judge, we will not address the merits of the appellant's Appointments Clause claim raised for the first time on petition for review.

<u>The appellant has not provided any basis to disturb the initial decision.</u>

¶26 As to the merits of the initial decision, the appellant resubmits the closing argument she submitted to the administrative judge. PFR File, Tab 1 at 3, 8-58. However, the administrative judge considered the appellant's closing argument and addressed it throughout his initial decision. A petition for review that merely repeats arguments made below does not meet the criteria for Board review, and we find no basis to disturb the explained findings of the administrative judge. *See Tigner-Keir v. Department of Energy*, 20 M.S.P.R. 552, 553 (1984); 5 C.F.R. § 1201.115. We therefore deny the petition for review.

## ORDER

¶27 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of

appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:


/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.