# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICK A. JENKINS,

      Appellant,

      v.

DEPARTMENT OF DEFENSE,

      Agency.

DOCKET NUMBER
DC-0752-19-0349-I-2

DATE: April 25, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas J. Gagliardo</u>, Esquire, Silver Spring, Maryland, for the appellant.

<u>Richard Saviet</u>, Fort Belvoir, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to address the appellant's argument regarding the appointment of the administrative judge, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant was employed by the agency as a General Supply Specialist in Virginia.  *Jenkins v. Department of Defense*, MSPB Docket No. DC-0752-19-0349-I-1, Initial Appeal File (IAF), Tab 5 at 12.  In April 2018, the appellant travelled to Houston, Texas, for a work-related event.  IAF, Tab 20 at 7, Tab 26 at 4-5.  On the first night of that trip, the appellant was shot by a Houston police officer after the appellant allegedly attempted to enter the officer's house. *Jenkins v. Department of Defense*, MSPB Docket No. DC-0752-19-0349-I-2, Refiled Appeal File (RAF), Tab 7 at 14-15, 21.  The appellant was hospitalized for a week and unable to attend the work event that was the purpose of his trip. IAF, Tab 20 at 10, Tab 26 at 4-5.  He was charged with attempted burglary and jailed upon his release from the hospital, but the criminal charges were later dismissed.  IAF, Tab 6 at 23, Tab 20 at 10, 12, Tab 26 at 4-5.

¶3      In November 2018, the agency proposed the appellant's removal on charges of conduct unbecoming a Federal employee and failure to report criminal charges

to the agency. IAF, Tab 6 at 6-12. The conduct unbecoming charge related to the appellant's conduct during the trip to Houston. *Id.* at 6-8. The charge of failure to report criminal charges related to a prior criminal charge that the agency discovered during its investigation of the Houston incident. *Id.* at 8. In February 2019, after the appellant responded to the proposed removal, the agency issued a decision removing him. IAF, Tab 5 at 13-17. The deciding official sustained only the conduct unbecoming charge but concluded that the single sustained charge nevertheless justified the appellant's removal. *Id.*

¶4 The appellant filed a timely Board appeal challenging his removal. IAF, Tab 1. He raised affirmative defenses of discrimination based on race and disability as well as harmful procedural error. *Id.* at 3. The appellant initially requested a hearing, *id.* at 2, but he later withdrew that request, RAF, Tab 3.[3]

¶5 The administrative judge issued an initial decision on the written record affirming the appellant's removal. RAF, Tab 13, Initial Decision (ID). He found that the agency proved the conduct unbecoming charge by preponderant evidence and that the appellant failed to prove his claims of discrimination or harmful procedural error. ID at 10-25. He further found that the agency established a nexus between the appellant's misconduct and the efficiency of the service. ID at 25-26. Finally, the administrative judge found that the agency considered the relevant factors and that the penalty of removal was within the tolerable limits of reasonableness. ID at 27-29.

¶6 The appellant has filed a timely petition for review of the initial decision. *Jenkins v. Department of Defense*, MSPB Docket No. DC-0752-19-0349-I-2, Petition for Review (PFR) File, Tab 5. On petition for review, he raises the following arguments: (1) the administrative judge lacked authority to issue the initial decision because he was not properly appointed consistent with the

---

[3] The administrative judge dismissed the appeal without prejudice for a period of 40 days. IAF, Tab 40, Initial Decision. The Board automatically refiled the appeal upon the expiration of that period. RAF, Tab 1.

Appointments Clause of the U.S. Constitution; (2) the administrative judge erred in his credibility determinations; and (3) the administrative judge erred in rejecting his discrimination claims.  *Id.* at 5.  The agency has responded in opposition to the petition for review, and the appellant has filed a reply.  PFR File, Tabs 7-8.

The appellant did not timely raise his argument regarding the appointment of the administrative judge.

¶7      For the first time on petition for review, the appellant argues that the administrative judge was not properly appointed under the Appointments Clause.  PFR File, Tab 5 at 9-11.  He cites the U.S. Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), in support of his argument that the administrative judge is an inferior officer of the United States who was not appointed in compliance with the Appointments Clause.  *Id.* at 9-10.  He argues that, under *Lucia*, he is entitled to a new adjudication before a properly appointed officer.  *Id.* at 10-11.

¶8      The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); 5 C.F.R. § 1201.115(d).  The appellant offers no justification for his failure to raise his Appointments Clause claim before the administrative judge.  We note that the *Lucia* decision on which the appellant relies was issued before the appellant filed his initial appeal in 2019.  The Board recently held that it would not consider an Appointments Clause claim raised for the first time on petition for review, even when the *Lucia* decision was issued after the close of the record before the administrative judge.  *McClenning v. Department of the Army*, 2022 MSPB 3, ¶¶ 5-15.  Consistent with *McClenning*, we hold that the appellant forfeited his Appointments Clause claim by failing to raise it before the administrative judge.

<u>The appellant has not shown any error in the administrative judge's credibility determinations.</u>

¶9    The appellant challenges the administrative judge's credibility determinations, particularly his failure to credit the appellant's assertion that his actions on the night in question "were involuntary because he had been beaten and robbed, and was disoriented." PFR File, Tab 5 at 11. If, as here, an administrative judge's findings are not based on the observation of witnesses' demeanor, the Board is free to reweigh the evidence and substitute its own judgment on credibility issues. *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002); *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 21 (2016). We have reviewed the record, and we agree with the administrative judge that the appellant's claim is not credible.

¶10    The appellant first raised the claim of being beaten and robbed in an October 2019 affidavit. RAF, Tab 8 at 33. However, he did not assert it as fact based on his own recollection; to the contrary, he stated in the same affidavit that he "remember[ed] almost nothing" about the events of that night. *Id.* Instead, the appellant asserted in his affidavit that the police told him during an interview in the hospital that they suspected he had been beaten and robbed. *Id.* However, even that assertion is inconsistent with the appellant's deposition testimony, given prior to the affidavit, in which he stated that he did not recall any conversation with the police while he was in the hospital. IAF, Tab 21 at 31-34. Additionally, as the administrative judge noted in the initial decision, the appellant offered no evidence to support the assertion that he had been beaten and robbed prior to the incident during which he was shot. ID at 15-16. We therefore find no error in the administrative judge's determination that the appellant failed to establish that his actions on the night in question were involuntary due to being beaten and robbed.

<u>The appellant failed to prove his discrimination claims.</u>

¶11       As to his discrimination claims, the appellant argues on petition for review that the agency's decision to charge him with failure to report criminal charges and its decision to return him to work prior to proposing his removal are evidence of discriminatory animus.  PFR File, Tab 5 at 16-17.  He also cites the deciding official's "capricious restating of the specification in support of the charge of conduct unbecoming" after criminal charges had been dropped and his record expunged.  *Id.* at 17.  As to the failure to report criminal charges, the administrative judge credited the proposing official's explanation that he proposed that charge because there was no official record that the appellant had properly reported the earlier criminal charge to the agency.  ID at 20-21; RAF, Tab 11 at 40.  As to the decision to return the appellant to work, the administrative judge credited the proposing official's explanation that he returned the appellant upon receiving medical clearance for the appellant to work and that at the time he did so no disciplinary action had been initiated against the appellant.  ID at 21; RAF, Tab 11 at 38.  We agree with the administrative judge's handling of those matters.  The fact that the agency proposed a charge of failure to report criminal charges but then did not sustain that charge upon receipt of additional evidence does not support a finding of discrimination.  ID at 20-21; RAF, Tab 11 at 40.  Likewise, it was entirely appropriate for the proposing official to return the appellant to work upon receipt of medical clearance to do so and then to initiate the disciplinary process based on the appellant's misconduct.

¶12       As to the appellant's argument regarding the deciding official's "capricious restating of the specification in support of the charge of conduct unbecoming," he provides no further context or support for that argument on petition for review.  PFR File, Tab 5 at 17.  Before the administrative judge, the appellant raised the same argument along with the following:  "After [the appellant] demonstrated clearly and convincingly that the criminal charges against him had been dismissed and his record expunged, it became apparent that unless the specification was

changed the deciding official could not justify removing him." RAF, Tab 8 at 27. However, as the administrative judge correctly found, the agency based its conduct unbecoming charge on the appellant's actions, not on the existence of criminal charges based on those actions. ID at 13. Therefore, the fact that the criminal charges were dropped does not affect the validity of the agency's charge or establish discriminatory motive.

¶13    In the initial decision, the administrative judge relied on *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶¶ 23-25 (2013), to analyze the appellant's disparate treatment disability discrimination claim, and he concluded that the appellant failed to show that his disability was a motivating factor in the removal action. ID at 22-23. In *Southerland*, the Board held that an appellant bears the burden of proving by preponderant evidence that his disability was a motivating factor in the adverse action, but the agency can limit the appellant's remedy by showing by clear and convincing evidence that it would have taken the same action in the absence of discriminatory motive. *Southerland*, 119 M.S.P.R. 566, ¶¶ 23-25. After the administrative judge issued the initial decision in this appeal, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31. In *Pridgen*, we clarified the proper analytic framework for a disability discrimination claim. *Pridgen*, 2022 MSPB 31, ¶¶ 35-42. Nevertheless, under both *Southerland* and *Pridgen*, the appellant bears the initial burden of proving by preponderant evidence that his disability was a motivating factor in the agency's removal action. *Pridgen*, 2022 MSPB 31, ¶ 40; *Southerland*, 119 M.S.P.R. 566, ¶¶ 18, 23. Because we agree with the administrative judge that the appellant failed to meet his initial burden, the administrative judge's reliance on *Southerland*, rather than *Pridgen*, is

immaterial.[4]   We find no material error in the administrative judge's determination that the appellant failed to prove his discrimination claims.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.   You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Because we discern no error with the administrative judge's findings that neither his race nor disability was a motivating factor in his removal, we do not reach the question of whether his race or disability was a "but-for" cause of the removal.  *See Pridgen*, 2022 MSPB 31, ¶¶ 40, 42.

[5] The initial decision mentions direct evidence, types of circumstantial evidence, and composing a convincing mosaic of discrimination.  ID at 20.  The Board has clarified that administrative judges are not required to separate "direct" from "indirect" evidence and to proceed as if such evidence were subject to different legal standards or to require appellants to demonstrate a "convincing mosaic" of discrimination.  *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 30 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24.   However, insofar as we find no indication that the administrative judge disregarded any evidence because of its direct or circumstantial nature or held the appellant to too high a standard, a different outcome is not warranted.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                /s/ for
_____

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.