# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

### 2024 MSPB 5

Docket No. DA-0752-23-0162-I-1

**Vera Davis-Clewis,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

March 20, 2024

Lawrence G. Widem, Esquire, West Hartford, Connecticut, for the appellant.

Mackenzie Novak and Daniel Morvant, Denver, Colorado, for the agency.

Brandi Powell, New Orleans, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## OPINION AND ORDER

¶1   This case is before the Board on interlocutory appeal from the June 27, 2023 Order of the administrative judge staying the proceedings and certifying for Board review her finding that the Board lacks the authority to address the appellant's constitutional challenge regarding statutory restrictions on the removal of Board administrative judges. Initial Appeal File (IAF), Tab 48. For the reasons set forth below, we AFFIRM the administrative judge's ruling, VACATE her order staying the proceedings, and RETURN the appeal to the regional office for further adjudication consistent with this Opinion and Order.

BACKGROUND

¶2    The appellant filed this appeal in January 2023.  IAF, Tab 1.  In response to the administrative judge's jurisdictional order, IAF, Tab 15, the appellant submitted a pleading arguing, in part, that the administrative judge had not been properly appointed under the Appointments Clause of the U.S. Constitution, IAF, Tab 22 at 4-5 (citing U.S. Const. art. II, § 2, cl. 2).  The administrative judge construed the appellant's argument regarding her appointment as a motion to disqualify her under 5 C.F.R. § 1201.42(b).  IAF, Tab 30.  The administrative judge denied the motion to disqualify her, finding that the Board had ratified her appointment by order dated March 4, 2022.  IAF, Tabs 29-30.  The appellant moved to certify the Appointments Clause issue for interlocutory review, IAF, Tab 32, but in May 2023, the administrative judge issued an order denying that motion, IAF, Tab 33.

¶3    A few weeks later, the appellant filed another motion for certification of an interlocutory appeal.  IAF, Tab 41.  In her second motion for certification, the appellant raised issues regarding the timeliness of the appeal, the Board's jurisdiction over the action at issue, and several procedural matters.  *Id.* at 5-14.  She also argued that the Board's administrative judges cannot properly adjudicate administrative cases because they are not subject to removal by the President at will and without cause.  *Id.* at 14.

¶4    The administrative judge issued an order finding that the Board lacks the authority to address the appellant's constitutional challenge to its administrative judges' removal protections.  IAF, Tab 48 at 1-2.  She certified that ruling for interlocutory review.[1]  *Id.* at 2.  The administrative judge acknowledged the other arguments the appellant raised in her second motion for certification but found

---

[1] The administrative judge indicated that she was certifying her ruling for interlocutory review on her own motion under 5 C.F.R. § 1201.91, rather than on the appellant's motion, because the appellant had moved for certification of an interlocutory appeal before the administrative judge had ruled on the removal protections issue.  IAF, Tab 48 at 2.

that those matters did not warrant certification of an interlocutory appeal. *Id.* at 2 n.\*\*. While this matter was pending before the Board on interlocutory review, the appellant filed a Motion to Amend the Judgment, in which she challenged the administrative judge's failure to certify for interlocutory review whether the Board's ratification of the appointments of its administrative judges complies with the Appointments Clause of the U.S. Constitution. IAF, Tab 49 at 4-5.

## ANALYSIS

¶5        An administrative judge will certify a ruling for review on interlocutory appeal only if the record shows that: (a) the ruling involves an important question of law or policy about which there is substantial ground for difference of opinion; and (b) an immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public. 5 C.F.R. § 1201.92. We find that the administrative judge properly applied these criteria in certifying her finding that the Board lacks the authority to address the appellant's constitutional challenge regarding statutory restrictions on the removal of Board administrative judges.[2]

---

[2] In her Motion to Amend the Judgment, the appellant argues that the administrative judge should have certified the Appointments Clause issue for interlocutory review. IAF, Tab 49 at 5-7. To the extent the appellant is requesting review of the administrative judge's decision not to certify this issue, her motion is denied. Issues not certified are beyond the scope of our review at this time. *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 13 (2014); 5 C.F.R. § 1201.91 (reflecting that the Board will decide an issue on interlocutory appeal if it has been certified by the administrative judge). A party may not obtain independent review of the denial of interlocutory certification; instead, she may raise the matter at issue in a petition for review filed after the initial decision is issued. *Simonelli v. Department of Housing and Urban Development*, 47 M.S.P.R. 452, 455 (1991); 5 C.F.R. § 1201.93(b). We do not address the administrative judge's denial of the appellant's request for interlocutory review of jurisdictional, timeliness, and procedural issues for the same reason. IAF, Tab 41 at 5-14, Tab 48 at 2 n.\*\*. The issues of the Board's jurisdiction over the appellant's alleged involuntary demotion and the timeliness of the appeal are as yet unresolved, and the regional office should address those issues during the ordinary course of the appeal. IAF, Tab 36 at 1-4.

¶6 The agency argued that certifying an interlocutory appeal would delay adjudication of this case. IAF, Tab 47 at 5. The Board will not reverse an administrative judge's decision regarding certification absent an abuse of discretion. *Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 n.1 (2012). Because the parties and the administrative judge need to know whether the administrative judge can proceed to adjudicate this case, we agree that certification was proper. *See Van Lancker v. Department of Justice*, 119 M.S.P.R. 514, ¶ 5 (2013) (finding an administrative judge appropriately certified her ruling concerning whether the Board had jurisdiction over an appellant's whistleblower reprisal claim because the parties and the administrative judge needed to know the scope of discovery and evidence to be presented at the hearing). Further, although the administrative judge's certification ruling may have delayed the case in the short term, it is likely to expedite case processing overall. Here, the appellant raised constitutional challenges to the administrative judge's authority in three separate motions. IAF, Tab 22 at 4-5, Tab 32, Tab 41 at 14. The administrative judge issued three orders addressing those challenges, including the order certifying the issue for interlocutory review that is before us now. IAF, Tabs 30, 33, 48. Further, the agency responded opposing certification, IAF, Tab 47, and the appellant filed a pleading seeking to expand the scope of the issues certified, IAF, Tab 49. Our decision today will allow the parties and the Board's regional office to adjudicate the remaining issues in this appeal without expending additional time and resources on the constitutional issues raised by the appellant. Further, it will provide guidance to parties in pending cases involving the same or similar constitutional challenges. *See King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 7 (2013) (considering as a factor favoring certification of an issue for interlocutory review that it would materially advance the completion of other pending appeals involving the same issue).

¶7 The appellant argues that the removal protections of the Board's administrative judges violate the Constitution because the administrative judges

"do not serve at the pleasure of the President" and "[t]he President cannot remove any of them at will and without cause." IAF, Tab 41 at 14. She cites *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010), and *Jarkesy v. Securities and Exchange Commission*, 34 F.4th 446 (5th Cir. 2022), *cert. granted*, 143 S.Ct. 2688 (2023), in support of her position.

¶8        In *Free Enterprise Fund*, the Supreme Court held unconstitutional a statutory framework under which members of the Public Company Accounting Oversight Board (PCAOB) could be removed only in very limited circumstances by the Securities and Exchange Commission (SEC), whose Commissioners could only be removed by the President for good cause. 561 U.S. at 486-87, 495-98. In *Jarkesy*, the U.S. Court of Appeals for the Fifth Circuit applied *Free Enterprise Fund* in holding that SEC administrative law judges are improperly insulated from Presidential control by two layers of for-cause removal protection. *Jarkesy*, 34 F.4th at 463-65.

¶9        Both *Free Enterprise Fund* and *Jarkesy* involved constitutional challenges to statutory removal protections. In challenging the constitutionality of removal protections for the Board's administrative judges, the appellant is asking the Board to resolve a similar challenge. The members of the Board "may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). "[T]he Board's administrative judges can only be removed 'for such cause as will promote the efficiency of the service.'" *McIntosh v. Department of Defense*, 53 F.4th 630, 640 (Fed. Cir. 2022) (quoting 5 U.S.C. § 7513(a)). The removal protections afforded to both members of the Board and its administrative judges derive from the Board's organic statute, the Civil Service Reform Act of 1978, Pub. L. No. 95-454, §§ 202(a), 204(a), 92 Stat. 1111, 1122, 1136. Thus, the appellant is asking the Board to invalidate one or more provisions of the statute that created it. However, the Board has held that it lacks the authority to adjudicate the constitutionality of statutes. *Special Counsel v. Jackson*, 119 M.S.P.R. 175, ¶ 10 (2013); *see Carr v. Saul*, 593 U.S. 83, 92

(2021) (concluding that "agency adjudications are generally ill suited . . . to entertain constitutional challenges to statutes" (citing, among other cases, *Free Enterprise Fund*, 561 U.S. at 491 (determining that the petitioners' claims related to the constitutionality of the statutory removal protections for the PCOAB members was beyond the "competence and expertise" of the SEC))). We therefore agree with the administrative judge that the Board lacks the authority to address the appellant's constitutional challenge regarding removal protections.[3]

---

[3] The appellant argues that because she was required to raise her constitutional challenges before the administrative judge to preserve them for review, she "is entitled to a Board determination" on those issues. IAF, Tab 49 at 6. Board regulations generally require that a party first raise issues, including constitutional challenges to an administrative judge's authority to decide a case, before the administrative judge prior to raising the same issues before the full Board on petition for review. *McClenning v. Department of the Army*, 2022 MSPB 3, ¶¶ 11-15; 5 C.F.R. §§ 1201.59(c), 1201.115(d). These regulations do not entitle appellants to Board findings on the constitutionality of Federal statutes. The appellant's arguments do not convince us otherwise.

## <u>ORDER</u>

¶10       Accordingly, we vacate the order that stayed the proceedings of this matter, and we return the appeal to the regional office for further adjudication consistent with this Order.

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board
Washington, D.C.