# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MITCH WINE, | DOCKET NUMBER |
| Appellant, | DA-4324-21-0377-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR, | DATE: February 10, 2023 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mitch Wine, Mountain View, Arkansas, pro se.

Lindsey Gotkin, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal with prejudice. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to address the appellant's Appointments Clause claims, we AFFIRM the initial decision.

¶2        The appellant filed this appeal in August 2021 alleging that the agency had violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) by failing to reemploy him.  Initial Appeal File (IAF), Tab 1 at 4.  In October 2021, the agency filed a request for sanctions.  IAF, Tab 18.  The agency alleged that in response to a request that the appellant not communicate directly with agency employees, the appellant sent several emails to agency counsel with threatening and inappropriate language.  *Id.* at 4-7, 10-15.  The agency requested a variety of sanctions up to and including dismissal of the appeal.  *Id.* at 8-9.  The appellant opposed the agency's request and requested sanctions against the agency for alleged felonies and violations of the appellant's Constitutional rights. IAF, Tab 19.  The administrative judge denied the agency's request to sanction the appellant because the Board had not warned him about his conduct during the processing of this appeal.  IAF, Tab 21 at 3.  However, the administrative judge explicitly warned the appellant that if he engaged in any further instances of unacceptable conduct in relation to parties, witnesses, or Board personnel,

the Board would issue sanctions "that may include dismissal of this appeal with prejudice." *Id.* The administrative judge denied the appellant's motion for sanctions. *Id.* at 4.

¶3    Less than a month later, the agency filed another request for sanctions. IAF, Tab 30. The agency alleged that after the administrative judge had warned the appellant about his conduct, the appellant engaged in several further incidents of inappropriate and/or threatening communications towards agency employees. *Id.* at 7-8. The agency again requested dismissal of the appeal with prejudice. *Id.* at 8. The appellant responded in opposition to the agency's motion. IAF, Tab 31. While the motion for sanctions was pending, the appellant requested certification of an interlocutory appeal regarding several prior rulings by the administrative judge. IAF, Tab 35. After the administrative judge denied his request, IAF, Tab 36, the appellant filed an objection in which he called the administrative judge a liar, described him as lazy and corrupt, and accused him of committing felonies, IAF, Tab 37. He also repeatedly threatened to perform citizen's arrests of agency officials who he alleged were withholding evidence and asserted that such arrests could involve the use of lethal force. *Id.*

¶4    On November 18, 2021, the administrative judge issued an order to the appellant to show cause why he should not be sanctioned for unacceptable conduct and failures to comply with Board orders. IAF, Tab 38. He specifically cited the "inflammatory comments" made in the appellant's objection to the denial of his request for an interlocutory appeal. *Id.* at 1. The administrative judge gave the appellant until November 22, 2021 to respond to the show cause order. *Id.* at 2. The appellant filed a timely response on November 19, 2021. IAF, Tab 39. In his response, he called the administrative judge lazy and incompetent and accused him of committing crimes. *Id.* at 5-6. The appellant filed two additional pleadings related to the merits of his appeal on November 21, 2021. IAF, Tabs 40-41. On November 23, 2021, the day after the deadline set by the administrative judge, the appellant filed another response to

the show cause order. IAF, Tab 42. In addition to suggesting that officials of the Board and the Office of Special Counsel were biased against him, the appellant argued for the first time in that pleading that the administrative judge was not properly appointed under the Appointments Clause of the U.S. Constitution. *Id.* at 5-6.

¶5    The administrative judge issued an initial decision dismissing the appeal on November 23, 2021. IAF, Tab 43, Initial Decision (ID). The administrative judge acknowledged the appellant's pleading filed earlier the same day but found that it was untimely. ID at 7. The administrative judge determined that despite clear warnings[2] regarding his conduct in relation to this appeal, the appellant repeatedly engaged in unacceptable conduct "which includes both direct and indirect threats to multiple individuals." ID at 8. He therefore concluded that the severe sanction of dismissal with prejudice was warranted. *Id.*

¶6    The appellant has filed a timely petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He argues that the administrative judge failed to timely decide his appeal on the merits, and he challenges the administrative judge's rulings on jurisdictional and discovery matters. *Id.* at 4-7. He also reiterates his argument regarding the appointment of the administrative judge. *Id.* at 7. The appellant has filed a supplement to his petition for review that further addresses the appointment of the administrative judge. PFR File, Tab 2. The agency has filed a response in opposition to the petition for review, PFR File, Tab 4, and the appellant has filed a reply, PFR File, Tab 5.

---

[2] In addition to the warning included in his order denying the agency's first motion for sanctions, the administrative judge also cited a September 14, 2021 letter from the Office of the Clerk of the Board regarding the appellant's interactions with the Board. ID at 3-4, 8.

The appellant did not timely raise his argument regarding the appointment of the administrative judge.

¶7     As noted above, the appellant first raised his argument regarding the appointment of the administrative judge in his untimely supplemental response to the administrative judge's show cause order.  IAF, Tab 42.  The Board held in *McClenning v. Department of the Army*, 2022 MSPB 3, that such claims are subject to its existing regulations and precedent requiring parties to timely raise issues during Board adjudications.  Among other things, the Board's regulations provide that the Board generally does not accept arguments raised after the close of the record before the administrative judge.  *Id.*, ¶ 11; 5 C.F.R. § 1201.59(c).  The regulations allow new arguments to be raised only if they were not readily available before the record closed or are in rebuttal to new argument raised by the other party just before the record closed.   5 C.F.R. § 1201.59(c).  We find that neither of those conditions is met in this case and that therefore the administrative judge properly did not consider the appellant's November 23, 2021 submission.  *See McClenning*, 2022 MSPB 3, ¶¶ 12-13 (finding that discovery of a new legal argument regarding the Appointments Clause does not excuse the failure to raise that claim before the close of the record).  Because the appellant did not timely raise his Appointments Clause argument before the administrative judge, we will not consider it on petition for review.  *Id.*, ¶ 25.

The administrative judge acted within his discretion by dismissing the appeal with prejudice.

¶8     An administrative judge may impose sanctions upon the parties as necessary to serve the ends of justice.  5 C.F.R. § 1201.43.  Before imposing a sanction, the judge shall provide appropriate prior warning, allow a response to the actual or proposed sanction when feasible, and document the reasons for any resulting sanction in the record.  *Id.*  The sanction of dismissal with prejudice is a severe sanction, and the Board has held that it should only be imposed when:  (1) a party has failed to exercise due diligence in complying with Board orders; or (2) a party

has exhibited negligence or bad faith in its efforts to comply. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 12 (2016).

¶9 Here, the administrative judge explicitly warned the appellant after the agency submitted emails in which the appellant made a number of extremely inappropriate comments. For example, those emails included the following statements: (1) "I know you'd like [agency official] to rape more women"; (2) "Fuck you. If you want to fight, then come get me. Bring your punk husband. See what happens to him"; (3) "I'll bring [agency official] to justice in ways he wishes weren't legal"; (4) "You want to square up with me? You'd last seconds." IAF, Tab 18 at 10-11. The administrative judge explicitly warned the appellant that further unacceptable conduct could result in the dismissal of his appeal. IAF, Tab 21. Despite that warning, the appellant filed a pleading in which he repeatedly insulted the administrative judge and threatened to use deadly force in citizen's arrests of agency officials. IAF, Tab 37. Then, in response to an order to show cause why his appeal should not be dismissed as a sanction, the appellant repeated several of his insults towards the administrative judge. He ended his response to the show cause order as follows: "If [the administrative judge] is too cowardly to hold an oral conference to discuss matters or to do his taxpayer funded job and adjudicate this case, then he certainly does not want to risk lawful citizen's arrest." IAF, Tab 39 at 7.

¶10 Determinations regarding the imposition of sanctions are left to the sound discretion of the administrative judge, and the Board will not overturn such determinations absent an abuse of that discretion. *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013). We find that the administrative judge did not abuse his discretion in dismissing the appeal with prejudice in light of the appellant's conduct. Despite explicit warnings about his conduct, the appellant remained defiant and insulting in his pleadings. He informed the administrative judge that he would not comply with the Board's "unlawful order" and repeated his threats to use force against agency officials who he claimed were acting

illegally. IAF, Tab 37 at 5. Even after the administrative judge made clear that he was considering dismissal of the appeal as a sanction, the appellant escalated his insulting and threatening comments towards the administrative judge. IAF, Tab 39. We find that the appellant's repeated failure to comply with the administrative judge's orders and his defiance in response to warnings from the administrative judge constitute a lack of due diligence and demonstrate that he was acting in bad faith. We therefore find that dismissal was appropriate. *See Morris*, 123 M.S.P.R. 662, ¶ 14 (dismissing a petition for review for repeated failure to comply with directions from the Clerk of the Board and using inappropriate and insulting language towards Board employees).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S.  ____ , 137 S. Ct. 1975 (2017).    If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.