# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JUDITH DUCKWORTH[1],
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
AT-0752-17-0303-I-1

DATE: June 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Robert H. Weinfeld</u>, Okatie, South Carolina, for the appellant.

<u>Deborah E. Shah</u>, Fort Gordon, Georgia, for the agency.

---

[1] After the petition for review submissions were filed, the appellant's representative filed a motion for substitution, explaining that Ms. Duckworth died on March 16, 2023, and requesting that Richard and Kevin Duckworth, Ms. Duckworth's heirs, be substituted in her place. Petition for Review File, Tab 25. The motion includes a copy of a death certificate documenting the appellant's death and a copy of her last will and testament naming Richard and Kevin Duckworth as primary remainder beneficiaries of her estate. *Id.* at 4, 7-17. If an appellant dies, the processing of an appeal will only be completed upon substitution of a proper party. 5 C.F.R.§ 1201.35(a). Motions to substitute must be filed with the Board within 90 days after the death of a party except for good cause shown. 5 C.F.R. § 1201.35(b). The appellant's representative filed the motion to substitute 11 days after the appellant's death. Thus, the motion was timely filed, and Richard and Kevin Duckworth are proper individuals to substitute for the appellant. Accordingly, we grant the appellant's motion for substitution and continue with the processing of this appeal. Both Ms. Duckworth and Richard and Kevin Duckworth will be referred to as "the appellant."

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2     Effective January 13, 2017, the agency removed the appellant from her GS-11 Nurse position based on alleged misconduct.  Initial Appeal File (IAF), Tab 9 at 25-30.  The agency's removal notice provided the appellant with accurate and complete notice of her right to challenge her removal via the negotiated grievance procedure, a Board appeal, a mixed-case discrimination complaint, or a whistleblower reprisal complaint with the Office of Special Counsel.  *Id.* at 26-29.  The notice further informed the appellant that she could elect one of these four options and that whichever option she chose first would

preclude her right to pursue the other three options. *Id.* at 26. On January 20, 2017, she grieved her removal, and, on March 10, 2017, the agency issued a decision denying her grievance on its merits. *Id.* at 32-34, 67-69.

¶3        On February 10, 2017, the appellant appealed her removal to the Board and requested a hearing. IAF, Tab 1 at 2. After issuing appropriate notice of the applicable burdens and elements of proof and considering the appellant's response, IAF, Tabs 10-11, the administrative judge issued an initial decision in which he found that the appellant's removal was grievable under the applicable collective bargaining agreement; the appellant invoked the negotiated grievance procedure when she filed her January 20 challenge to the removal; her challenge was a grievance regardless of whether she subjectively intended her challenge to be a grievance; and, because the appellant filed her grievance before she filed her appeal, her appeal was precluded by 5 U.S.C. § 7121(e). IAF, Tab 14, Initial Decision (ID) at 5-6. The administrative judge dismissed her appeal for lack of jurisdiction without a hearing. *Id.* at 1, 7. The appellant has filed a petition for review challenging the administrative judge's decision. Petition for Review (PFR) File, Tab 1.

¶4        Matters that are covered under both a negotiated grievance procedure and the Board's chapter 75 jurisdiction, such as the appellant's removal, may, at the employee's discretion, be grieved under the negotiated grievance procedure or appealed to the Board under 5 U.S.C. § 7701, but not both. 5 U.S.C. § 7121(e)(1); *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 6 (2016). The employee is deemed to have made a binding election under section 7121(e)(1) when she has timely filed either a grievance or an appeal, whichever occurs first. 5 U.S.C. § 7121(e)(1); *Pirkkala*, 123 M.S.P.R. 288, ¶ 6. Bargaining unit employees and their exclusive representatives each have independent rights to grieve matters within the scope of the grievance procedure. *Kendrick v. Department of Veterans Affairs*, 74 M.S.P.R. 178, 181 (1997). If the union grieves a matter without the employee's explicit consent, the union's grievance

does not constitute an election on the part of the employee and does not preclude a later Board appeal. *Id.*

¶5        Here, the appellant's January 20 memorandum did not explicitly state that it constituted a "grievance," but it was addressed to the agency official who would have heard the matter if it had been a grievance, and it sought in substance to reverse the removal action.  IAF, Tab 9 at 32-34.  The applicable collective bargaining agreement defines a "grievance" as:

> [A]ny complaint:
>
> (1) By an employee concerning any matter relating to the employment of the employee;
>
> (2) By an employee or the parties concerning:
>
>     (a) The effect or interpretation, or claim of breach, of this Agreement;
>
>     (b) Any claimed violation, misinterpretation, or misapplication of any law, rule, or regulation affecting conditions of employment.

*Id.* at 54-55 (Labor Management Agreement, Article 34, Section 2.a).  The administrative judge found, and we agree, that the appellant's memorandum, regardless of any deficiencies in traditional grievance form and regardless of the appellant's intent, fell squarely within the contract's broad definition of "grievance."  ID at 6.  Moreover, the agency's removal notice clearly informed the appellant of the various remedies available to her and the consequences of making an election.  IAF, Tab 9 at 26-29.  Shortly after the appellant filed her grievance, she attended a Step 3 grievance meeting with the Deputy Commander for Inpatient Services.  *Id.* at 64, 67-68.  The appellant contended that she had not intended to file a grievance, and the parties rescheduled the meeting so the appellant's preferred union representative could attend.  *Id.* at 63-64, 67-68.  The Deputy Commander documented the request to reschedule in an email in which she referred to the rescheduled meeting as a Step 3 meeting.  *Id.* at 64.  At that point, the union also claimed that the appellant's January 20 memorandum was not a grievance, and it requested to cancel the meeting.  *Id.* at 63.  However,

neither the appellant nor the union attempted to withdraw the grievance until after the agency issued its Step 3 decision. Thus, the Deputy Commander had before her a memorandum from the appellant in which the appellant contested the removal action; as the Colonel stated in her Step 3 decision, if the memorandum was not a grievance, "there was no clarification provided as to what this . . . memo was in the alternative." *Id.* at 68. Under these circumstances, the fact that the appellant knew that the agency considered the memorandum to be a grievance and she proceeded anyway lends support to the conclusion that her January 20 memorandum was a grievance.

¶6      On review, the appellant reiterates the arguments she made below. PFR File, Tab 1. She contends, for example, that the January 20 memorandum was not a Step 3 grievance because the document did not identify itself as such as required by the negotiated grievance procedure. *Id.* at 2, 5. The negotiated grievance procedure contains no such requirement. IAF, Tab 9 at 54-58. She further contends that the agency failed to prove that the memorandum constituted a grievance. PFR File, Tab 1 at 5. The burden of proving Board jurisdiction over her appeal is on the appellant, not the agency.

¶7      Moreover, the appellant alleges that she intended the January 20 memorandum to be an "appeal" under the agency's Open Door Policy, which she filed on the advice of a colleague. *Id.* at 4-5. The memorandum does not refer to the Open Door Policy. In any event, the appellant does not explain why she chose to follow the advice of a colleague, rather than follow the clear instructions that the agency provided her in its notice of appeal rights, including information on whom to contact if she had questions or needed further information.

¶8      The appellant further contends that the January 20 memorandum cannot be deemed a Step 3 grievance because there is no preceding grievance at Step 1 or Step 2. PFR File, Tab 5 at 2. However, the negotiated grievance procedure explicitly provides that grievances concerning the removal from Federal service bypass Step 1 and Step 2 and proceed directly to Step 3. IAF, Tab 9 at 57.

¶9        Next, the appellant alleges that the agency lacks the authority to decide whether the January 20 memorandum constituted a grievance.  PFR File, Tab 1 at 3-4.  The agency may interpret the parties' contract however it wishes, and, if the union believes that the agency's interpretation is incorrect, it has remedies available under the Federal Service Labor-Management Relations Statute. 5 U.S.C. §§ 7101-7135.  As to the appellant, however, the administrative judge correctly found that it was her burden to prove jurisdiction over her appeal.  ID at 1-2.   Because her burden required her to show that the January 20 memorandum was not a valid election, she has had the opportunity and the obligation to show that the agency was wrong to consider the memorandum to be a grievance, which she failed to do.  She also has not explained why she considered a submission under the Open Door Policy to be a valid means of challenging her removal when the agency provided her clear notice of her four options (which did not include an Open Door Policy appeal) and informed her of the preclusive effect of whichever route she chose first.  We find, therefore, that the administrative judge correctly dismissed the appeal for lack of jurisdiction.

¶10       The appellant avers that the administrative judge was biased against her because he issued a jurisdictional show cause order before she had fully responded to the motion to dismiss that prompted the show cause order.  PFR File, Tab 1 at 1.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  Here, the administrative judge was obligated to provide the notice of the burdens and elements of proof contained in the show cause order even if the appellant already had responded meaningfully to the agency's motion to dismiss.  That the administrative judge chose to issue the show cause notice before the appellant responded to the motion to dismiss did not prejudice the appellant's substantive rights.  In any event, an administrative judge's case-related rulings are not a proper basis for finding bias absent some

extrajudicial conduct that reflects a deep-seated favoritism or antagonism that would make fair judgment impossible. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). The appellant has not demonstrated that the administrative judge's actions here constituted bias.

¶11     Finally, the appellant has submitted numerous documents on review. Because they are all already in the record below, they do not constitute new and material evidence, and we therefore have not relied on them.[3] *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] On July 27, 2022, the appellant filed a motion seeking leave to file an additional pleading regarding the application of the U.S. Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 138 S.Ct. 2044 (2018), to her appeal. PFR File, Tab 21. The appellant did not raise an objection to the nature of the administrative judge's appointment below. In *McClenning v. Department of the Army*, 2022 MSPB 3, the Board found that an Appointments Clause challenge must be raised before the administrative judge and that the Board will not address the merits of such a claim raised for the first time on review. Thus, the appellant has not shown the need for the additional submission, and the motion is accordingly denied. 5 C.F.R. § 1201.114(a)(5).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.