**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MENSUR OMERBASHICH, | DOCKET NUMBER |
| Appellant, | SF-3330-22-0378-I-1 |
| v. | |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, | DATE: April 10, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mensur Omerbashich</u>, Sarajevo, Bosnia and Herzegovina, pro se.

<u>Janice Fried</u>, Moffett Field, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a nonselection for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On May 17, 2022, the appellant filed an appeal with the Board asserting that he was not selected for a position for which he applied, and that in the application process, the agency committed a prohibited personnel practice when it publicly listed only 3 of the 12 selection criteria, leaving 75% of the selection criteria a "secret." Initial Appeal File (IAF), Tab 1 at 5, Tab 3 at 3. In an acknowledgment order, the administrative judge explained that the Board has jurisdiction over a nonselection claim only in the following limited circumstances: when such a claim is raised in conjunction with an employment practices claim under 5 C.F.R. § 300.104(a), when it is raised within the context of a suitability determination, and when an appellant alleges that the nonselection was made in reprisal for whistleblowing under the whistleblower protection statutes, the product of discrimination based on uniformed service under the Uniformed Services Employment and Reemployment Rights Act (USERRA), or violative of his veterans' preference rights pursuant to the Veterans Employment Opportunity Act of 1998 (VEOA). IAF, Tab 2 at 2-5. The administrative judge ordered the appellant to file evidence and argument clarifying which of the above situations applied to his allegations. *Id.* at 5. In response, the appellant asserted

that the agency's decision to publish only 3 of the 12 selection criteria constituted an "irrational employment practice or a suitability action." IAF, Tab 3 at 3. The administrative judge then issued a supplemental jurisdictional order informing the appellant of what he must assert to allege the Board's jurisdiction over an employment practices claim. IAF, Tab 4.

Following the supplemental jurisdictional order, the appellant did not address his jurisdictional burden but, rather, requested on several occasions that the administrative judge recuse himself for failing to find that the Board has jurisdiction over his claims and that the full Board decide his appeal.[2] He also objected to the administrative judge's "involvement" in the appeal and requested that the appeal be transferred to the Washington Regional Office. IAF, Tab 5 at 3, Tab 7 at 3, Tab 8 at 3. The administrative judge considered the appellant's requests for recusal but found that the appellant's allegations did not meet the standard for disqualification. He also declined to transfer the appeal to the Washington Regional Office because the appellant failed to meet the regulatory requirements for such a transfer and the request was otherwise unsupported. IAF, Tab 6 at 1-2, Tab 9 at 1-2.

Thereafter, the administrative judge provided the appellant with a third opportunity to nonfrivolously allege the Board's jurisdiction over his appeal. IAF, Tab 9 at 2-5. The appellant did not substantively respond to the third jurisdictional order but, rather, continued to argue that the administrative judge should recuse himself and that the appeal should be transferred to the Washington Regional Office. IAF, Tab 10.

---

[2] The appellant also referenced a separate appeal he has before the Board, *Omerbashich v. Department of the Interior*, MSPB Docket No. DC-3443-19-0540-I-1. That appeal was adjudicated separately and is currently pending before the Board on review. The appellant also requested that the instant appeal "remain[] open" until his other appeal has been ruled on by the full Board. IAF, Tab 5 at 3. The administrative judge denied that request after reasoning that the appellant declined to "adequately explain how the appeals are related." IAF, Tab 6 at 2-3.

On June 24, 2022, the administrative judge issued an initial decision on the written record.[3]  IAF, Tab 11, Initial Decision (ID).  After reiterating his findings regarding the appellant's renewed requests for recusal and the transfer of his appeal and informing the appellant of his right to file a separate appeal to address potential USERRA, VEOA, or whistleblower reprisal claims, the administrative judge discussed the appellant's nonselection within the context of an employment practices claim, but ultimately found that the appellant failed to make nonfrivolous allegations of Board jurisdiction in that regard.  ID at 5-9.  Accordingly, he dismissed the appeal for lack of jurisdiction.  ID at 1, 10.

The appellant has filed a petition for review of the initial decision, stating that he wants to withdraw his appeal due to the administrative judge's lack of authority to decide his case.  Petition for Review (PFR) File, Tab 1 at 3.  He also asserts that the initial decision is "obtuse."  *Id.*  He submits a supplement to his petition for review detailing his communications with the Office of the Clerk of the Board regarding his submissions on review.  PFR File, Tab 2.  The agency has not responded to the appellant's submissions.

## DISCUSSION OF ARGUMENTS ON REVIEW

We construe the appellant's submissions on review as a petition for review of the initial decision.

Following the appellant's filing of a pleading entitled "Petition for Review" in which he expressed his desire to withdraw his appeal, the Office of the Clerk of the Board contacted him to clarify the intent of his submission.  *Id.* at 5-6.  In response, the appellant asserts that "[r]egardless [of] what heading" his pleading was filed under, he "stopped recognizing" the administrative judge's authority prior to the issuance of the initial decision.  *Id.* at 5.  Thus, the appellant's intent to withdraw his appeal is predicated on his belief that the administrative judge lacked authority in this matter to decide his appeal.[4]  However, he has not provided any argument or evidence to support that position,

---

[3] The appellant did not request a hearing in this matter.  IAF, Tab 1 at 2.

and the Board's regulations explicitly provide for an administrative judge's authority to issue an initial decision. *See* 5 C.F.R. § 1201.41(b)(15).

Further, a voluntary withdrawal of an appeal must be by clear, unequivocal, and decisive action. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012); *Bass v. U.S. Postal Service*, 96 M.S.P.R. 683, ¶ 6 (2004). Given that the appellant's request to withdraw his appeal is conditioned on his unproven and incorrect belief that the administrative judge lacked the authority to decide his appeal, we cannot find that his withdrawal request is unequivocal. Based on the foregoing, we construe the appellant's submissions on review as a petition for review of the initial decision, which we address on the merits below.

<u>The appellant has not provided a basis to disturb the initial decision.</u>

To reiterate, the appellant alleged in his appeal that he was not selected for a position for which he applied, and that the agency improperly publicized only 3 of the 12 selection criteria. IAF, Tab 1 at 5. As noted, in the initial decision, the administrative judge explained that one of the limited bases upon which the Board may consider a nonselection claim is when an appellant asserts that an employment practice applied to him by the Office of Personnel Management (OPM) violates a basic requirement in 5 C.F.R. § 300.103. ID at 7-8; *see* 5 C.F.R. §§ 300.104(a), 1201.3(a)(7). Under such circumstances, the Board has jurisdiction under 5 C.F.R. § 300.104(a) when the following two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010).

---

[4] Nothing in the appellant's pleadings below or on review suggest that his position on the administrative judge's authority to decide his appeal is related to the issues discussed in the U.S. Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 585 U.S. 237 (2018). *See McClenning v. Department of the Army*, 2022 MSPB 3, ¶¶ 5-25.

In his appeal, the appellant alleged that the agency's failure to publicize all of the selection criteria constitutes an employment practice that violates the requirements for employment practices under 5 C.F.R. § 300.103(b) because "a rational relationship between performance in the position to be filled and the said employment practice no longer exists." IAF, Tab 3 at 3. In the initial decision, the administrative judge concluded that these allegations failed to adequately explain how his nonselection involved an appealable employment practice or to adequately explain OPM's involvement in administering a purported employment practice. ID at 9. As such, he found that the appellant failed to nonfrivolously allege the Board's jurisdiction over the appeal. ID at 10.

The appellant does not challenge these findings on review, and we discern no reason to disturb them. As a threshold matter, the appellant has failed to nonfrivolously allege that his appeal concerns an appealable employment practice. Although the term "employment practices" includes the development and use of, among other things, qualification standards and measurement instruments, *see Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 8 (2008), the appellant has not alleged that the selection criteria themselves constitute an appealable employment practice, only the agency's alleged failure to adequately publicize them. IAF, Tabs 1, 3; PFR File Tabs 1-2. Additionally, while we acknowledge that an agency's misapplication of a valid OPM requirement may constitute an employment practice, that is typically only the case when those requirements concern merit considerations, rather than procedural decisions. *See Mapstone*, 110 M.S.P.R. 122, ¶ 8; *Maule v. Office of Personnel Management*, 40 M.S.P.R. 388, 393-94, *aff'd*, 892 F.2d 1050 (Fed. Cir. 1989) (Table). Here, the OPM requirement implicated by the appellant's allegations is that a vacancy announcement include qualification requirements, including the knowledge, skills, and abilities or competencies required of applicants, *see* 5 C.F.R. § 330.104 (setting forth the requirements for vacancy

announcements), which the appellant asserts the agency failed to do.[5] We find such a requirement to be procedural in nature because it is not related to the propriety of a selection—which would be a merits determination—but is a tool or procedure for filling a vacancy.

Nonetheless, even if the appellant had nonfrivolously alleged an appealable employment practice, he has still not nonfrivolously alleged that such an employment practice fails to meet the basic requirements for employment practices set forth in 5 C.F.R. § 300.103. *See Sauser*, 113 M.S.P.R. 403, ¶ 6. In that regard, we agree with the administrative judge that the appellant's allegation that "a rational relationship between performance in the position to be filled and the said employment practice no longer exists" is a bare allegation that merely restates the jurisdictional standards for an employment practices appeal and, therefore, does not constitute a nonfrivolous allegation of jurisdiction. ID at 9; IAF, Tab 3 at 3; *see* 5 C.F.R. § 1201.4(s)(1) (explaining that a nonfrivolous allegation is more than conclusory). Accordingly, we deny the appellant's petition for review and affirm the initial decision's dismissal of the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[5] Although the appellant submitted portions of his on-line application for the position at issue, the vacancy announcement itself is not in the record. Thus, we cannot review the sections of the vacancy announcement that usually provide information about the position the agency is seeking to fill.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.