## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EMMANUEL AYALA,
   Appellant,

  v.

UNITED STATES POSTAL SERVICE,
   Agency.

DOCKET NUMBER
AT-0752-23-0043-I-1

DATE: May 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hector Torres, Tampa, Florida, for the appellant.

Managing Counsel, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his initial appeal from an unspecified agency action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

<u>The administrative judge correctly dismissed the appeal for lack of jurisdiction.</u>

¶2      The administrative judge correctly determined that the Board lacks jurisdiction over this matter as an adverse action appeal because the appellant, as a nonpreference-eligible, nonsupervisory, nonmanagerial Postal Service employee, who is not engaged in personnel work, has no adverse action appeal rights. Initial Appeal File, Tab 7, Initial Decision (ID) at 2-4; *see Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012).[2] Because the appellant failed to make any nonfrivolous allegation to the contrary, the administrative judge also rightly determined the appellant had no right to a hearing. ID at 1; *see O'Neal v. U.S. Postal Service*, 39 M.S.P.R. 645, 649, *aff'd*, 887 F.2d 1095 (Fed. Cir. 1989) (Table).

<u>The evidence and argument provided by the appellant for the first time on review does not provide a basis for disturbing the initial decision.</u>

¶3      The appellant argues for the first time on review concerning an on-the-job injury resulting in hospitalization and incarceration, and he alleges that the agency took several actions, such as placing him in an emergency off-duty status on or about September 14, 2022, and subjecting him to a discriminatory, hostile

---

[2] Because the appellant did not clarify what action he was appealing, the administrative judge assumed that the appellant was attempting to appeal some type of adverse action. ID at 1 n.1.

environment since at least 2018. Petition for Review File, Tab 1 at 1-14. He asserts that he has not had the "proper time to appeal or respond to the various letter[s] due to the loss of work and countless doctors [sic] appoin[t]ments and court dates." *Id.* at 4. He states that since 2018 he has "been removed for exercising [his] right to file numerous complaints[,] greivancies [sic] [and] EEO and labor charges" and that "management will stop at no cost to remove and fire [him] from [his] employment with the Postal Service." *Id.* He attaches supporting documentation. *Id.* at 1-3, 5-14.

¶4 The Board generally will not consider an argument or evidence raised for the first time in a petition for review absent a showing that, despite the appellant's due diligence, was not available prior to the administrative judge's closing of the record. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Moreover, the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1990); 5 C.F.R. § 1201.115(d). The U.S. Court of Appeals for the Federal Circuit has consistently upheld the Board's regulatory requirement that parties must raise arguments before the assigned administrative judge, or the full Board may properly decline to review those arguments. *McClenning v. Department of the Army*, 2022 MSPB 3, ¶ 11 (2022).

¶5 Here, because the appellant has not established that his allegations about the agency's actions were based on any previously unavailable evidence, they cannot be considered as new under 5 C.F.R. § 1201.115(d); thus, we need not consider them. *See Banks*, 4 M.S.P.R. at 271; 5 C.F.R. § 1201.115(d) (providing that evidence is new when it contains information that is unavailable despite due diligence when the record closed). Regardless, the appellant's evidence and argument on review is not of sufficient weight to change the outcome of this appeal because none of it shows that he is the type of Postal Service employee

who may appeal an adverse action or establishes any other basis for Board jurisdiction.  ID at 2-4; *see Clark*, 118 M.S.P.R. 527, ¶ 7.  To the extent that the appellant claims he has suffered retaliation for filing complaints, grievances, and "EEO and labor charges," such claims are not a source of Board jurisdiction, and Postal Service employees lack individual right of action (IRA) appeal rights.  *See Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 13 (2010) (holding that a Postal Service employee's allegations of prohibited personnel practices under 5 U.S.C. § 2302(b)(1) and (9) do not confer jurisdiction on the Board in the absence of an otherwise appealable action); *Matthews v. U.S. Postal Service*, 93 M.S.P.R. 109, ¶ 13 (2002) (stating that Postal Service employees may not file IRA appeals under 5 U.S.C. § 1221 because they are not covered by the Whistleblower Protection Act).

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.